**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4160**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES MENSAH,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:14-cr-00600-GLR-6)

Submitted:  January 31, 2019                    Decided:  March 26, 2019

Before AGEE, DIAZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G Arthur Robbins, CHESAPEAKE MERIDIAN, Annapolis, Maryland, for Appellant. Robert K. Hur, United States Attorney, Judson T. Mihok, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Charles Mensah of conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349 (2012), and bank fraud, in violation of 18 U.S.C. §§ 2, 1344 (2012). The district court sentenced him to 30 months' imprisonment. On appeal, Mensah challenges his convictions on the grounds that the district court erred by denying his Fed. R. Crim. P. 14(a) motion to sever his trial from that of his codefendants, denying his related Fed. R. Crim. P. 33 motion for a new trial, and declining to issue a proposed jury instruction. He also argues that the district court erred by applying Sentencing Guidelines enhancements relating to loss amount and the number of victims. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(G), (b)(2)(A) (2016). Finding no reversible error, we affirm.

We review the district court's denial of Mensah's Rule 14(a) motion for abuse of discretion, and we will not reverse absent a showing of "clear prejudice." *United States v. Dinkins*, 691 F.3d 358, 367-68 (4th Cir. 2012). Mensah first claims that such prejudice arose from the testimony of two of his coconspirators, which, he argues, would have been inadmissible had the district court tried him individually. We disagree. As the district court held, the coconspirators' testimony was probative of Mensah's knowing involvement in the conspiracy with which he was charged. We conclude that Mensah suffered no undue prejudice from its admission.

Mensah, a native of Ghana, further argues that he was prejudiced by the testimony of two confidential informants, who made isolated references to West Africans and their supposed inclination to commit fraud. The informants' testimony, while relevant to

2

charges against one of Mensah's codefendants at trial, likely would not have been admissible in a trial of Mensah alone. However, we find the record insufficient to demonstrate that the informants' remarks about West Africans resulted in clear prejudice to Mensah. Accordingly, we affirm the district court's denial of Mensah's motion to sever.

We also review for abuse of discretion the district court's order denying Mensah's Rule 33 motion. *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018). Mensah contends that the district court erroneously denied this motion by declining to grant him a separate trial. Because we disagree that a separate trial was necessary, we conclude that the district court did not abuse its discretion in denying Mensah's motion for a new trial.

Next, Mensah claims that the district court erred by refusing to give a jury instruction specifically defining the concept of reasonable doubt. "The law is well-settled in this Circuit that a judge is not allowed to define reasonable doubt unless requested to do so by the jury." *United States v. Patterson*, 150 F.3d 382, 389 (4th Cir. 1998); *accord United States v. Smith*, 441 F.3d 254, 270 (4th Cir. 2006). Because binding Fourth Circuit precedent barred Mensah's proposed instruction, the district court did not abuse its discretion by declining to issue it. *See United States v. Bartko*, 728 F.3d 327, 343 (4th Cir. 2013) (stating standard of review).

Finally, Mensah argues that the district court erred in applying the challenged Sentencing Guidelines enhancements. The district court's findings as to loss amount and number of victims included several instances of fraud by Mensah's coconspirators, and Mensah claims that he did not know of these transactions. "In determining whether a

3

district court properly applied the advisory Guidelines, including application of any sentencing enhancements, we review the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009); *see* 18 U.S.C. § 3742(e) (2012). "[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole." *United States v. Martinez-Melgar*, 591 F.3d 733, 738 (4th Cir. 2010) (internal quotation marks omitted).

We discern no clear error in the district court's factual findings. Even assuming that Mensah lacked actual knowledge of his coconspirators' fraudulent activities, the evidence at trial supported the district court's conclusion that these activities were "reasonably foreseeable" to him. *See* USSG § 1B1.3(a)(1)(B)(iii). Because the district court did not clearly err in applying either enhancement, we affirm Mensah's sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*